


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAROLYN BARNES § § § § | |
| V. § § | CASE NO. A-12-CA-028-LY |
| DENNIS TUMLINSON, § TRAVIS COUNTY, TRAVIS COUNTY § SHERIFF'S DEPARTMENT, TRAVIS § COUNTY JAIL, TRAVIS COUNTY § PRETRIAL SERVICES, BILL SWAIM, § RON MORGAN, IRMA GUERRERO § | |

## SECOND SUPPLEMENTAL FEDERAL CLAIM FOR CIVIL RIGHTS VIOLATIONS AND OTHER CLAIMS AGAINST WILLIAMSON COUNTY AND TRAVIS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ~~appellant,~~ CAROLYN BARNES, hereinafter referred to as BARNES, and files this second supplemental complaint against Dennis Tumlinson and other employees, agents, representatives, and attorneys for Travis County, Texas, and the Travis County Sheriff's Department and Travis County Jail, and various additional employees, agents, representatives, and attorneys for Williamson County, Texas, and the Williamson County Sheriff's Department and Williamson County Jail, for the numerous and continuous violations of her civil and constitutional rights, violations of 42 U.S.C. §1983, §1985(2), §1986, and 18 U.S.C. §241, and for claims under the Texas Tort Claims Act, abuse of C.C.P. art. 46B, violation of Health and Safety Code, Title 7, Subtitle C, defamation, false arrests, false imprisonment, loss of property, malicious abuse of process, vindictive and malicious prosecution, obstruction of justice, successive and excessive abuse of bail bond requirements, breach of bail bond contract, retaliation

1

against BARNES for exposing corruption and serving as a witness for same, denial of equal protection under the law, due process, due course of law, and intentional infliction of mental anguish and emotional distress, through the use of instrumentality owned and controlled by the State of Texas, and in support of thereof would show the court as follows:

I.

BARNES is a resident of Williamson County, Texas. All or a part of the cause of action accrued in Travis County, Texas.

DEFENDANT, DENNIS TUMLINSON, is a resident of Travis County and employed by Travis County, along with all the other named DEFENDANTS, BILL SWAIM, RON MORGAN, IRMA GUERRERO, and EMPLOYEES OF THE TRAVIS COUNTY JAIL, who may be served at their place of employment at the Travis County Courthouse or Travis County Sheriff's Department in Austin, Travis County, Texas.

Travis County, Travis County Sheriff's Department, and Travis County Jail are political subdivisions and governmental entities acting on behalf of and as an arm of Travis County, and not for the State, through which the individual defendants acted under color of state law and the county through which they derived their official capacity, and who failed to properly hire, train, manage, supervise, promote, discipline, and fire.

DEFENDANTS, JOHN BRADLEY, ROBERT MCCABE, TRAVIS MCDONALD, JEREME BRINKMANN, DEE HOBBS, DALE RYE, DOUG SHAVER, ALAN SCHREIBER, DEPUTY DELAVEGA, SUZANNE BROOKS, BURT CARNES, KEN ANDERSON, are residents of Williamson County and employed by Williamson County, along with all the EMPLOYEES OF THE WILLIAMSON COUNTY

2

SHERIFF'S DEPARTMENT AND WILLIAMSON COUNTY JAIL, who may be served at their place of employment at the Williamson County Courthouse or Williamson County Sheriff's Department in Georgetown, Williamson County, Texas.

Williamson County, Williamson County Sheriff's Department, and Williamson County Jail are political subdivisions and governmental entities acting on behalf of and as an arm of Williamson County, and not for the State, through which the individual defendants acted under color of state law and the county through which they derived their official capacity, and who failed to properly hire, train, manage, supervise, promote, discipline, and fire.

II.

On or about January 8, 2010, BARNES was assaulted by an intoxicated, poorly trained, unsupervised, and physically violent employee of Travis County, DENNIS TUMLINSON, who had a known propensity towards offensive and inappropriate behavior. To accomplish these various assaults and to inflict the damages, injuries, and losses, DEFENDANTS utilized instrumentality owned and controlled by Travis County and the Travis County Sheriff's Department, including but not limited to the handcuffs used to injure BARNES during the unwarranted assault causing the loss of her diamond bracelet; flack jacket or hard vest worn by DENNIS TUMLINSON when he used it as a blunt force to plow over BARNES as she was exiting the courthouse and trying to escape his vicious assault; the gloves, jail, camera, fingerprinting ink, and computers used in the aggravated kidnapping, assault, and abuse. These actions violated BARNES well recognized constitutionally protect rights and over valuable civil rights, in violation of 42 U.S.C.A. §§ 1983, 1985(2), 1986, and 18 U.S.C. §§ 241, 242. DENNIS TUMLINSON

3

used excessive force causing the damage and destruction or loss of BARNES' personal property, including but not limited to, her Blackberry phone, diamond bracelet, and mink coat. The intentional injuries caused by DENNIS TUMLINSON and the employees at the Travis County Sheriff's Department and Travis County Jail caused BARNES to require medical treatment and incur medical expenses. The malicious actions of DENNIS TUMLINSON and the employees of Travis County caused irreparable harm, injury, and damage to BARNES reputation and resulted in gross mistreatment, damages, injuries, and abuses as a result of the intentional, deliberate, and malicious defamation *per se*. BARNES seeks recovery under the Texas Tort Claims Act, RICO, and 42 U.S.C.A. §§ 1983, 1985(2), and 1986. DEFENDANTS intentionally caused irreparable damage, injury, and harm to BARNES for which she is entitled to recover exemplary damages.

III.

Thereafter, BARNES posted a $10,000.00 bond to secure her release. On or about May 14, 2010, Defendants, with malice and without any semblance of due process revoked the said bond and re-arrested BARNES and forced her to post another $50,000.00 surety bail bond as a result of a criminal conspiracy in violation of federal laws, including RICO. On or about July 6, 2010, in a further malicious act in furtherance of the criminal conspiracy, DEFENDANTS re-arrested BARNES in open court with malice and forced her to post a third bond in the amount of $10,000.00. This action was taken deliberately, intentionally, and knowingly by Bill Swaim, Ron Morgan, Travis County Sheriff's Department and other employees of Travis County with utmost malice and in a pre-mediated fashion to inflict extreme emotional distress and mental anguish on

4

BARNES for no legitimate state purpose. Bill Swaim continues to pursue a malicious prosecution with malice in furtherance of the criminal conspiracy. In March, 2011, Travis County again revoked the bond with malice. Travis County continues to pursue the malicious prosecution after destroying the exculpatory evidence, to-wit: the audio video recording of the assault captured by the security cameras at the Travis County Courthouse. Travis County knew of the propensities of DENNIS TUMLINSON and placed him in a position to place the public at risk at the Travis County Courthouse and continued him in that position knowing of his propensities.

IV.

On four separate occasions, BARNES prepared and mailed four separate packets to four separate Grand Juries through their respective foremen seeking the investigation into this malicious assault and the indictment of DENNIS TUMLINSON and other employees of Travis County; however, various employees, agents, representatives, or attorneys for Travis County unlawfully and unconstitutionally intercepted and diverted that mail and correspondence that was clearly mailed to the Foremen of the respective grand juries. Defendants have all acted in concert to obstruct justice.

V.

All of the DEFENDANTS named in the original complaint as well as those added in this second supplemental complaint knowingly, intentionally, and deliberately violated 18 U.S.C. §241, and such acts included kidnapping; and violated 42 U.S.C. §§1983, 1985(2) by obstructing justice, and 1986. DENNIS TUMLINSON, DEE HOBBS, and JEREME BRINKMANN, as well as other employees and agents of Williamson County and Travis County engaged in defamation *per se* with the specific intent to retaliate

against BARNES and cause serious, irreparable harm, injury, and damage in furtherance of the malicious conspiracy. DEFENDANTS repeatedly acted in concert to repeatedly subject BARNES to false arrests, excessive and successive bonds, and false imprisonment, pretrial incarceration, and confinement. DEFENDANTS engaged in these malicious and vindictive retaliatory acts to inflict emotional distress, mental anguish, and physical harm. Both TRAVIS COUNTY and WILLIAMSON COUNTY, including their sheriff's departments and jails fulfilling duties to their respective counties, failed to adequately and properly hire, train, supervise, monitor, promote, and fire their agents, representatives, and employees, which exhibited a deliberate indifference to the citizens of these counties who would be subjected to these abuses and constitutional and statutory violations of the law that deprive certain citizens (who attempt to expose the corruption and abuses) of equal protection under the laws.

VI.

These damages are continuing and on-going because the defamation *per se* has been re-published and added to by these DEFENDANTS, culminating in the aggravated kidnapping and false imprisonment on February 28, 2011 and the unconstitutional banishment of BARNES on June 1, 2011, as a direct and proximate result of the breach of the bail bond contract by the conspiratorial actions of JOHN BRADLEY, ROBERT MCCABE, TRAVIS MCDONALD, BILL SWAIM, ALAN SCHREIBER, and DOUG SHAVER. These malicious and retaliatory actions were undertaken to obstruct justice and deprive BARNES of a speedy trial and opportunity to clear her name of these successive, malicious, and vindictive prosecutions. These malicious, vindictive, and

retaliatory actions resulting in numerous violent assaults against BARNES, permanent disfigurement, and pain and suffering.

VII.

These DEFENDANTS have at all times acted with deliberate indifference towards a clearly established right that BARNES had and a conscious disregard for the safety, welfare, and rights of BARNES. These DEFENDANTS all conspired for the purpose of impeding, hindering, obstructing, or defeating the due course of justice with the intent to deny BARNES the equal protection of the laws, or to injure BARNES or her property for lawfully enforcing, or attempting to enforce BARNES' right to equal protection under the laws.

VIII.

BARNES gave all the statutorily required notices to DEFENDANTS and all conditions precedent to bringing this suit have been met. BARNES timely contacted the proper authorities at Travis County, but they failed and refused to cooperate or make a good faith investigation into these events. The entities of TRAVIS COUNTY and WILLIAMSON COUNTY were acting as an arm of the respective counties in all these regards and not as the State of Texas; therefore, they have no 11th amendment immunity in this case.

IX.

BARNES is entitled to recover an amount as provided by law for her injuries, losses, damages, and harm inflicted by DEFENDANTS and for exemplary damages for the intentional conduct, criminal activity, and excessive use of force. BARNES seeks recovery of all her costs, expenses, legal fees, damages, losses, injuries, and harm

suffered as a result of this continuing outrageous governmental conduct, which amount far exceeds the minimum jurisdictional limits of this court.

X.

The DEFENDANTS' actions were deliberately indifferent to the rights, safety, and welfare of the public in general and to BARNES in particular. Defendants acted contrary to well-established and well-recognized constitutionally protected civil rights of BARNES, and others similarly situated. BARNES' rights under the 4th, 11th, and 14th amendments were violated. DEFENDANTS violated 42 U.S.C. §§1983, 1985(2), 1986 as well as RICO, and 18 U.S.C. §241. DEFENDANTS were acting with utmost malice and the actions were not the result of an accident or mistake, but were the result of a conscious disregard and deliberate indifference to the rights, safety, and welfare of others. BARNES is entitled to exemplary damages in addition to the actual and consequential damages sustained as a result of the unlawful and unconstitutional actions of Defendants, acting in concert with others. BARNES was subjected to a false arrest, false imprisonment, and aggravated sexual and physical assaults from DEFENDANTS.

XI.

BARNES has not filed any other lawsuits in state or federal court relating to this false arrest, assaults, and false imprisonment, or the interference with BARNES' right to present criminal behavior to the grand juries for investigation and indictment. DEFENDANTS also destroyed or failed to preserve vital and critical exculpatory evidence in an effort to cover-up their criminal activity and to thwart the investigations and prosecution of the governmental offenders. This conduct constitutes outrageous governmental activity and obstruction of justice.

WHEREFORE, BARNES prays that this Court grant all relief requested herein, an amount as found by the jury to compensate her for her injuries, damages, and losses sustained as a result of the actions of DEFENDANTS, adequate discovery of the evidence to present her claims, and that this court grant her a jury trial on all her claims. BARNES prays for such other and further relief to which she may be justly entitled, whether at law or in equity.

Respectfully submitted,

Carolyn Barnes
N.T.S.H.-Pines
P.O. Box 2231
Vernon, Texas 76385

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint are true and correct.
2. I understand that it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand that I am prohibited from brining an *in forma paperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $350.00 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this 27th day of February 2012.

Carolyn Barnes

9

RECEIVED
MAR 12 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

February 27, 2012

Clerk, U.S. District Court
Western District of Texas
United States Courthouse
200 W. 8th Street, Rm. 130
Austin, Tx 78701-9620

Re: Case # A-12-CA-028-LY

Dear Sir or Madame:

Enclosed for filing in the above numbered case, please find two originals of the Second Supplemental Federal Claim for Civil Rights Violations and Other Claims against Williamson County and Travis County, Texas.

Please take note of my change of address.

Very truly yours,

Barnes
Carolyn Barnes
NTSH-Pines
P.O. Box 2231
Vernon, Tx 76385



U.S. POSTAGE PAID
VERNON, TX
76384
MAR 08, 12
AMOUNT
$4.45
00090285-03

78701



CERTIFIED MAIL

91 7108 2133 3937 9581 9715

C. Barron
NYS
P.O. Box 1231
Vernon, TX 76385



Clerk, U.S. District Court
Western District of Texas
United States Courthouse
200 W. 8th Street, Rm. 130
Austin, TX 78701-9620