# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CAROLYN BARNES | § |
| | § |
| v. | § Case No. A-12-CV-28-LY |
| | § |
| TRAVIS COUNTY SHERIFF'S | § |
| DEPARTMENT, et al. | § |

## ORDER

Before the Court is Plaintiff's Motion for Leave to Allow Amendments to Third Amended Original Complaint [#20]. Plaintiff did not submit a Fourth Amended Complaint as an exhibit to her motion as required by Local Rule CV-7(b). As a result, the motion will be denied for failure to file a proposed amended complaint.

Also before the Court are Plaintiff's Brief and Heightened Pleadings in Support of Plaintiff's Third Amended Complaint [#23], Plaintiff's First Supplement to the Third Amended Original Complaint [#24], and Plaintiff's Second Supplement to the Third Amended Original Complaint [#25]. These pleadings purport to add additional claims and defendants to the case. Because of the confusing and voluminous nature of Plaintiff's pleadings, the failure to submit a Fourth Amended Complaint as an exhibit to Plaintiff's motion for leave, and the fact that Plaintiff has submitted multiple pleadings that present various claims, the Court will require the Plaintiff to replead her case in a single, concise document. The new complaint should be called "Plaintiff's Fourth Amended Complaint," and shall include ALL of Plaintiff's claims and identify ALL the defendants she intends to sue in this case. Any claims or defendants not included in the amended complaint will be deemed waived. The Fourth Amended Complaint will take the place of all of Plaintiff's earlier complaints and supplements.

The Court notes that Plaintiff is a practicing attorney and thus should be familiar with the Court's rules. Consistent with this, Plaintiff is further reminded that Federal Rule of Civil Procedure 8 provides that a complaint shall only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and further requires that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a)(2), (d)(1). Of course, the Court has already ordered Plaintiff to file a more definite statement [#9], ordered Plaintiff to file an amended complaint [#15], and reminded Plaintiff that her complaint "must comply with Rule 8 of the Federal Rules of Civil Procedure" and that "[f]ailure to comply may result in the dismissal of her amended complaint." Because these directives have been ineffective in encouraging Barnes to file a coherent and concise complaint, the Court **ORDERS** that the Fourth Amended Complaint may not exceed 30 pages in length. If Barnes files an amended complaint that exceeds 30 pages, the Court will not consider any page past page 30, and will order such pages stricken.

Finally, though it has provided this warning before, Plaintiff is again advised that a case may be dismissed for "failure of the plaintiff . . . to comply with these rules or any order of court" FED. R. CIV. P. 41(b); *see also, e.g., Jumonville v. Dep't of Treasury*, No. 94-30583, 2005 WL 136507, *1 -2 (5th Cir. Mar. 16, 1995).[1] Further. Plaintiff is advised that she may not "incorporate by reference" the entire contents of case files in other courts. Again, the Court will ignore such statements, and will limit itself to the contents of the complaint. *See, e.g., Muttathottil v. Mansfield*, No. 09-20493, 2010 WL 2465009, *2 (5th Cir. June 17, 2010).

---

[1] Unpublished opinions issued before January 1, 1996 are precedent. 5TH CIR. R. 47.5.3.

It is therefore **ORDERED** that Plaintiff's Motion for Leave to Allow Amendments to Third Original Complaint [#20] is **DENIED**. Plaintiff is instead **ORDERED** to file a Fourth Amended Complaint that complies with the directives set out above no later than March 1, 2013.

SIGNED this 22nd day of January, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE