# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLYN BARNES | § | |
| | § | |
| V. | § | A-12-CV-028-LY |
| | § | |
| TRAVIS COUNTY | § | |
| SHERIFF'S DEPARTMENT et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is the above-referenced case, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). The Court has before it the order entered January 22, 2013 (Dkt. No. 26), as well as the Plaintiff's response, filed March 4, 2013 (Dkt. No. 28), which she titled "Plaintiff's Motion for a More Definite Statement and Due Process Notice of the Exact Reasons the Third Amended Complaint Is Defective or Deficient and Motion to Extend Time to Amend after Receipt of Due Process Notice of How the Third Amended Complaint is not a 'Coherent and Concise Complaint' or How it Violates Fed. R Civ. P. 8."

## I. BACKGROUND

Plaintiff, an attorney licensed to practice in the courts of Texas, filed this lawsuit on January 9, 2012. At that time, she was confined in the North Texas State Hospital, apparently after having been found incompetent to stand trial on criminal charges pending against her in Williamson County, Texas. Her initial complaint named as defendants four individuals and several departments of Travis County. Though the complete foundation of her claims was not entirely clear, it appeared that Barnes was complaining of an alleged assault by a Travis County Sheriff's employee, and ensuing

claims arising out of her arrest and confinement related to the incident. Because it was unclear which claim or claims she was making against each of the named individuals and entities, on February 10, 2012, the Court directed Barnes to file a more definite statement, and respond to specific questions intended to identify the factual basis for her claims. Dkt. No. 8. Barnes responded on March 12, 2012, and provided detailed responses to the Court's questions. Dkt. No. 11.

During this same time period, however, Barnes filed several "supplements" to her complaint, some of which purported to add more defendants. The Federal Rules of Civil Procedure only permit a supplement to a complaint with leave of court. FED. R. CIV. P. 15(d). Moreover, Barnes' supplements were difficult to reconcile with her original complaint, as they raised many of the same claims, and it was unclear whether she wished the Court to treat the statement of the claim in the supplements as superseding the original statement of the claim, or simply wanted to state the same claim in more detail. "Because of the confusing nature of [Barnes'] pleadings," on May 3, 2012, the undersigned entered an order directing Barnes to file an amended complaint stating all of the claims she intended to raise, and naming all defendants she wished to sue. The Court set a deadline of May 31, 2012. Barnes requested, and was granted, two extensions of this deadline.

Ultimately, on July 16, 2012, Barnes filed her Third Amended Complaint. Dkt. No. 18. It is 267 pages in length, and names 61 defendants. In it, Barnes complains of actions well beyond those which started this suit, and she appears to name as a defendant every person Barnes has come into contact with related to her arrest in 2010. In addition, Barnes filed with the complaint a "Motion for Leave to Allow Amendments to Third Amended Original Complaint," in which she sought leave "to file further amendments to respond to any objections to the pleadings raised by the court or by any of the Defendants." Dkt. No. 20. at ¶ 6. Before any action was taken on this request, on August

16, 2012, Barnes, without solicitation from the Court, filed a document titled "Brief and Heightened Pleadings in Support of Plaintiff's Third Amended Original Complaint." Dkt. No. 23. This document, which is a mix of legal argument and factual pleadings, is 248 pages long. On October 15, 2012, again without request, Barnes filed her "First Supplement to the Third Amended Complaint," which is 41 pages long, and attaches a 54-page brief from her ongoing criminal case in Williamson County, Texas. A little more than a week later, on August 23, 2012, Barnes filed her "Second Supplement to the Third Amended Original Complaint," adding 13 more pages of pleadings, and purporting to add another party. In all, Barnes' "live pleading" at this point (not including attachments)—assuming these four documents are intended to state her claims—totals 569 pages.

As a result of the impracticalities of the Court wading through these documents to try to glean the claims Barnes is attempting to raise, and determine which, if any, are proper, the Court entered an order on January 22, 2013, noting the voluminous nature of the pleadings, and directing Barnes to replead her claims "in a single, concise document." Dkt. No. 26. Noting that its previous admonitions to Barnes regarding her excessive filings had failed to stem the paper tide, and noting further that Barnes is a licensed attorney familiar with the rules of procedure, the Court set a 30 page limit for the complaint. And as it has done in several prior orders, the Court also reminded Barnes that failure to follow the Court's directives could result in the dismissal of her case.

Rather than attempting to state her claims in a single concise document, Barnes responded to this order with a document titled "Plaintiff's Motion for a More Definite Statement and Due Process Notice of the Exact Reasons the Third Amended Complaint is Defective or Deficient and Motion to Extend Time to Amend after Receipt of Due Process Notice of How the Third Amended

3

Complaint is Not a 'Coherent and Concise Complaint' or How it Violates Fed. R Civ. P. 8." Dkt. No. 28. In addition to asking the Court to provide her with a more definite statement of what is wrong with her pleadings, Barnes complains about the Court's "insulting orders" and "*ad hominem* attacks," and notes that the Court's requirements impose "harsh and oppressive conditions especially when this is an on-going conspiracy and new causes of action and new defendants accrue on an ongoing basis." She also complains that the page limit is impossible to meet, given that it would take 17-20 pages just to set out the identity of the parties, and at least 100-125 pages to set forth the "basic facts." It is in this posture that the case is now before the undersigned.

## II.

A case may be dismissed for "failure of the plaintiff . . . to comply with the[ ] federal rules or any order of court." FED. R. CIV. P. 41(b). In the many cases in which the Fifth Circuit has addressed dismissal pursuant to FED. R. CIV. P. 41(b) for failure to comply with a court order, several general principles emerge:

> Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for, *inter alia*, "failure of the plaintiff . . . to comply with these rules or any order of court". FED. R. CIV. P. 41(b). . . . [S]uch "dismissals with prejudice will be affirmed only upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice.'" *Id.* (*quoting Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir.1972)). (Emphasis added.) "Additionally, in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992) (internal quotation marks and citation omitted; brackets in original).

*Jumonville v. Dep't of Treasury*, 50 F.3d 1033, 1995 WL 136507, *1 (5th Cir. Mar. 16, 1995).[1]

---

[1] Unpublished opinions issued before January 1, 1996 are precedent. 5TH CIR. R. 47.5.3.

4

*Jumonville* is particularly instructive here. The Circuit was faced in that case with a similar, though less egregious, scenario to that presented here. When Jumonville filed her suit, the original complaint was a mere 65 pages and 215 paragraphs. When the defendant objected to the superfluous material in the complaint and moved to strike it, the plaintiff voluntarily agreed to replead. But because the amended complaint was still 54 pages long, with 128 paragraphs, the defendant renewed its motion to dismiss or strike the complaint. The district court determined that the complaint was "still too repetitive and verbose to satisfy [Rule 8]" and ordered plaintiff to file a new complaint, warning her that her failure to comply with Rule 8 could result in dismissal of the case. When the amended complaint was filed it was 36 pages long with 88 paragraphs. The district court found that it still contained repetitive and unintelligible pleadings, and dismissed the case with prejudice. In affirming the dismissal, the Fifth Circuit noted that while what constitutes a "short and plain statement" under Rule 8 will vary from case to case, "there may be cases in which mere verbosity or repetition would justify final dismissal." *Id*. (quoting *Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 889 (5th Cir.), *cert. denied*, 355 U.S. 829 (1957)). The court concluded that because "[t]he district court twice ordered Jumonville to amend her complaint to bring it into compliance with Rule 8," and she twice failed to do so, "instead persisting in filing successive complaints which, although each was shorter than the preceding one, still contained excess verbiage and irrelevant, repetitious, unintelligible allegations," dismissal with prejudice was appropriate. *Id.* at *2. As described above, Barnes' filings in this case have moved in the opposite direction than Jumonville's, getting longer and more verbose with each successive document. Her live pleading now totals 569 pages, and everything Barnes has filed recently suggests any amended complaint she files will be equally as long, if not longer.

5

Another case in which dismissal with prejudice was affirmed is also instructive. In *Bryson v. United States*, 553 F.3d 402 (5th Cir. 2008), a prisoner seeking to file a habeas petition had failed to comply with an order directing him to file his suit on a court-approved form. He was warned that failure to comply with the order would result in the petition being stricken. Instead of completing the approved form, Bryson filed seven rambling pleadings. The court dismissed the case with prejudice. On appeal, the Fifth Circuit, after restating the same basic principles set out above, and further noting that the district court should ordinarily consider lesser sanctions (including dismissal without prejudice) first, concluded that:

> The dismissal with prejudice entered here might be an abuse of discretion were this Bryson's only attempt to file a conforming habeas petition, but his serial filings present a clear record of contumacious conduct and delay. This court may "take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction." *Moore v. Estelle, Jr.,* 526 F.2d 690, 694 (5th Cir. 1976). In total, Bryson has filed 16 habeas petitions.

*Id.* at 404. Noting this, the Circuit affirmed the dismissal of the case with prejudice. *Id.*

Very much like Bryson, Barnes has her own history of frivolous litigation in the state and federal courts. In this Court alone, she has been either the pro se party or the attorney in seven previous cases that have been dismissed as either meritless or frivolous.[2] Judge Smith's footnote in one of the orders he has entered in a case Barnes filed in the Waco Division of this Court sums the situation up well:

---

[2]The Court takes judicial notice of these cases. *See* 1:01-cv-547 (dismissed as baseless; affirmed on appeal); 1:07-cv-237 (Barnes as counsel, dismissed for her and her client's failure to appear at hearing); 6:08-cv-156 (dismissed for failure to serve defendants); 6:10-cv-155 (dismissed as baseless; Barnes suing district attorney and judge in criminal case against her); 1:11-cv-305 (Barnes as counsel, dismissed as frivolous and repetitious of previously dismissed case); 1:11-cr-236 (attempt to remove pending state criminal charges against her, dismissed as frivolous and lacking in jurisdiction); 1:11-cv-414 (habeas petition filed while Barnes was in state custody awaiting trial, dismissed as frivolous; COA denied by Fifth Circuit).

> Carolyn Barnes has been involved in altercations with law enforcement on other occasions and has initiated lawsuits as a result. *Barnes v. Sulak*, 2002 WL 1804912, No. 03-01-00159-CV (Tex. App. – Austin, 2002); *Barnes v. Madison*, 79 Fed. Appx. 691 (5th Cir. 2003); *Barnes v. State*, 2007 WL 1647827, No. 03-03-00533-CR (Tex. App. – Austin 2007, writ ref'd). She has also added herself as a party to lawsuits she has filed as either delaying tactics or in retaliation for acts of other attorneys. *See Barnes v. State Bar of Texas*, 888 S.W. 2d 102 (Tex. App. – Corpus Christi, 1994) (in which disciplinary proceedings were *not* upheld against her).

Dkt. No. 14 in 6:10-cv-155, at p. 3 n.3 (Oct. 25, 2010).

There is little doubt that Barnes' failure to comply with the undersigned's order to conform her complaint to Rule 8 was intentional, and qualifies as a failure to follow an order of the court under Rule 41(b). It is also clear that her actions have delayed the resolution of this case, as the case has been pending for more than a year while the Court has unsuccessfully attempted to have Barnes file a proper complaint. Further, Barnes' history as a litigant in this Court presents a clear pattern of abuse of her right of access to the courts. There is little question that a lesser sanction, including dismissal without prejudice, would be ineffective, as Barnes' history shows that she will simply refile her claims. Finally, Barnes is a licensed attorney, and thus her contumacious conduct is that much more egregious, and merits a sanction that might not be appropriate for a lay person.[3]

### III. RECOMMENDATION

For all of the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that the District Judge DISMISS this case WITH PREJUDICE pursuant to FED. R. CIV. P. 41(b).

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[3] According to the State Bar of Texas public website, http://www.texasbar.com, as of April 25, 2013, Barnes' member status was listed as "Eligible to Practice in Texas."

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of April, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE