IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



2013 SEP 30 PM 4:46

| | |
|---|---|
| CAROLYN BARNES, § | |
|       PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. A-12-CA028-LY |
| § | |
| TRAVIS COUNTY SHERIFF'S § | |
| DEPARTMENT, ET AL., § | |
|       DEFENDANTS. § | |

## **ORDER**

Before the court is Plaintiff's Motion for New Trial filed September 18, 2013 (Clerk's Doc. No. 40). The court rendered a Final Judgment dismissing the cause with prejudice pursuant to Fed. R. Civ. P. 41(b) on August 20, 2013 (Clerk's Document No. 38), upon finding that the Plaintiff failed to comply with the court's order to file a proper complaint. Plaintiff *pro se* Carolyn Barnes now seeks relief from that judgment by Plaintiff's Motion for New Trial, filed September 18, 2013 (Clerk's Doc. No. 40), in which she asks the court to vacate the Final Judgment and also moves for an extension of time to file an amended complaint. As a result, this court construes her motion as a Rule 59(e) Motion To Alter Or Amend Judgment and Rule 15(a) Motion To Request Leave To Amend The Complaint. Having considered the motions, the case file, and the applicable law the court will grant the motion.

Barnes timely moves the court to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e) ("Rule 59(e)") (party seeking relief from judgment may file motion no later than 28 days following rendition of judgment). By her motion, Barnes asks that the court vacate the Final Judgment and seeks leave of court to file a First Amended Complaint, which Barnes contends remedies the cause's notice defect. *See* Fed. R. Civ. P. 15(a)(2) ("Rule 15(a)") (court should grant leave to amend freely

and when justice requires).

"The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the court finds that the disposition of Barnes' motion to vacate under Rule 59(e) should be governed by the same considerations controlling the court's exercise of discretion under Rule 15(a). *Dussouy*, 660 F.2d at 597 n. 1; *See also* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1489, 814-16 (3d ed. 2010).

In the Final Judgment rendered August 20, 2013 (Clerk's Doc. No. 38), this court agreed with the Magistrate Judge that this case should be dismissed with prejudice. Rule 41(b) authorizes a court to dismiss a case for "failure to the plaintiff . . . to comply with the[] federal rules or any order of court." The Magistrate Judge found grounds for dismissal in Barnes's failure to comply with Rule 8's pleading requirement and an order of the court to replead her claims in a single, concise document ultimately limited to 30 pages. Rather than attempting to state her claims in a single concise document, Barnes responded with a motion title "Plaintiff's Motion for a More Definite Statement and due Process Notice of the Exact Reasons the Third Amended Complaint is Defective or Deficient and Motion to Extend Time to Amend after Receipt of Due Process Notice of How the Third Amended Complaint is Not a 'Coherent and Concise Complaint' or How it Violates Fed. R. Civ. P. 8." (Clerk's Doc. No. 28). The Plaintiff's pleading in this case totals 569 pages, spans four documents, and names 61 Defendants. By definition, such a pleading fails to satisfy Rule 8.

In considering factors that might justify the court denying Barnes permission to amend the

complaint - undue delay, bad faith, dilatory motive on Barnes' part, repeated failure to cure deficiencies by amendments previously, and undue prejudice to Defendants - the court finds that the litigation of this action is in the early stages, that Barnes seeks relief in a timely manner, and that Defendants will suffer no undue prejudice. *See Dussouy*, 660 F.2d at 597-98. Due to the apparent lack of notice to Plaintiff of the Order Adopting Report and Recommendation rendered July 22, 2103 (Clerk's Doc. No. 37), the court will give Barnes a final opportunity to replead her claims in a meaningful fashion. Having considered the motions, the supplement, and the response, the court will grant Plaintiff's motion in part.

**IT IS ORDERED** that Plaintiff's Motion for New Trial filed September 18, 2013 (Clerk's Doc. No. 40) is **GRANTED IN PART** to the following extent:

**IT IS ORDERED** that the court's Final Judgment rendered on August 20, 2013 (Clerk's Doc. No. 38) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that extension of time to file an amended complaint is **GRANTED**, and Plaintiff shall file an amended complaint not to exceed 30 pages, in a single, concise document complying with Rule 8's pleading requirement, on or before October 23, 2013.

**IT IS FINALLY ORDERED** that in all other respects the motion is **DENIED**.

SIGNED this _____ day of September, 2013

LEE YEAKEL
UNITED STATES DISTRICT JUDGE