IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 14-50350
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2015

Lyle W. Cayce
Clerk

D.C. Docket No. 1:12-CV-28

CAROLYN BARNES,

    Plaintiff - Appellant

v.

DENNIS TUMLINSON; TRAVIS COUNTY; TRAVIS COUNTY SHERIFF'S DEPARTMENT; TRAVIS COUNTY JAIL; TRAVIS COUNTY PRETRIAL SERVICES; ET AL,

    Defendants - Appellees

Appeal from the United States District Court for the
Western District of Texas, Austin

Before SMITH, WIENER, and ELROD, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



Certified as a true copy and issued
as the mandate on Jun 16, 2015

Attest:
Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50350
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 17, 2015
Lyle W. Cayce
Clerk

CAROLYN BARNES,

            Plaintiff-Appellant

v.

DENNIS TUMLINSON; TRAVIS COUNTY; TRAVIS COUNTY SHERIFF'S DEPARTMENT; TRAVIS COUNTY JAIL; TRAVIS COUNTY PRETRIAL SERVICES; ET AL,

            Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-28

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

  Carolyn Barnes appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint under Federal Rule of Civil Procedure 41(b) for failing to comply with a court order. Barnes filed hundreds of pages of pleadings, which the magistrate judge and district court found to be difficult to parse, and so she was ordered to file a single amended complaint not to exceed 30 pages that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 14-50350      Document: 00513079065     Page: 2     Date Filed: 06/16/2015
Case 1:12-cv-00028-LY   Document 61   Filed 06/16/15   Page 3 of 6

No. 14-50350

named all defendants, identified all claims, and complied with Federal Rule of Civil Procedure 8. Barnes, though given multiple opportunities to comply with the orders, extensions of time, and warnings that if she did not comply her case would be dismissed, did not file an amended complaint, and so the district court dismissed the case with prejudice.

A district court may dismiss an action where the plaintiff fails to comply with a court order. FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Where, as here, a district court's dismissal is with prejudice, we will uphold it only "when there is clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (internal quotation marks and citations omitted); *see also Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

First, Barnes takes issue with the order that she limit her complaint to 30 pages, contending the page limit was arbitrary and not required by Rule 8, it would have been impossible to include all claims and defendants in a pleading of that length, and, if her pleadings were too voluminous, the court should have rejected them immediately when it received them. Rule 8(a) requires that a complaint contain, among other things, a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and the district court has "great leeway in determining whether a party has complied with" this rule, *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979) (citing cases where courts found that voluminous pleadings ran afoul of the requirement that the plaintiff provide a short and plain statement of the claim). In light of Barnes's conduct in continually adding claims and defendants and the resulting volume of pleadings and related submissions received by the district court, the orders requesting that Barnes replead her case, comply with Rule 8, and limit her

2

Case: 14-50350 Document: 00513079065 Page: 3 Date Filed: 06/16/2015
Case 1:12-cv-00028-LY Document 61 Filed 06/16/15 Page 4 of 6

No. 14-50350

pleadings to 30 pages were within the court's discretion. *See Cesarani v. Graham*, Nos. 92-8588 & 93-8149, 1994 WL 261232, 1-2 (5th Cir. June 9, 1994) (explaining that the district court's dismissal of the plaintiff's complaint was not an abuse of discretion where the plaintiff failed to comply with the district court's order that his amended complaint not exceed 20 pages in length and comply with Rule 8(a)); *see also Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (explaining that "[t]he federal courts are vested with the inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (internal quotation and citation omitted)).

To the extent that Barnes argues that she was entitled to discovery before being required to enumerate all of her claims, she is mistaken. Discovery is not a license for the plaintiff to "go fishing," *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978) (internal quotation marks omitted), and is limited to information that "is relevant to any party's claim or defense," FED. R. CIV. P. 26(b)(1). Thus, it was incumbent on Barnes to lay out her claims before seeking discovery germane to them.

Barnes also contends that though she did not comply with the court's orders, her conduct was excusable because the magistrate judge would not provide her a sample pleading, the magistrate judge did not clarify the order that she file an amended complaint, and the district court refused her request for copies of her pleadings. She has not sufficiently explained, however, and it is not apparent, how any of these issues prevented her from submitting an amended complaint. She further alleges that, while in prison, she lacked access to supplies and materials necessary to file an amended complaint. This assertion rings hollow, though, because, during the same time period, she was nonetheless able to file motions for a new trial and extensions of time, and it is not evident why she could not also have filed an amended complaint as well.

Case: 14-50350     Document: 00513079065     Page: 4     Date Filed: 06/16/2015
Case 1:12-cv-00028-LY   Document 61   Filed 06/16/15   Page 5 of 6

No. 14-50350

Barnes's decision not to comply with the district's court's orders shows a clear record of purposeful, contumacious conduct and amounts to the "the stubborn resistance to authority" justifying a dismissal with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks and citation omitted); *see Coleman*, 745 F.3d at 766 & n.9. Moreover, the lesser sanctions imposed by the district court—in the form of warnings that Barnes's failure to comply with its orders would lead to dismissal—did nothing to change her behavior, and so the continued imposition of additional lesser sanctions would not serve the best interests of justice. *See Bryson*, 553 F.3d at 404; *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (explaining that explicit warnings are among the lesser sanctions that courts should consider before dismissing a case with prejudice under Rule 41(b)).

Finally, Barnes complains that the district court denied her motion to appoint counsel. Her case, however, does not present the exceptional circumstances required for the court to appoint counsel, and the court did not abuse its discretion in declining to do so. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Especially in light of the fact that at one time, Barnes was a licensed attorney, she has not shown why she was unable to compose a short and plain statement of her case without the assistance of appointed counsel. Barnes's remaining arguments on appeal take issue with various actions on the part of the magistrate judge that have no bearing on the orders requiring her to submit an amended complaint, and so we do not address them.

The district court's judgment is AFFIRMED.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

June 16, 2015

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 14-50350    Carolyn Barnes v. Dennis Tumlinson, et al
                          USDC No. 1:12-CV-28

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____
                          Renee S. McDonough, Deputy Clerk
                          504-310-7673

cc:
    Ms. Carolyn Barnes